JAMES CHAPLIN

v.

HIGHWAY COMMISSIONERS OF THE TOWNSHIP OF WHEATLAND.

*Highways—Drains—Proceedings under Sec. 8, Chap. 121, R. S.— Various Objections—Parties—Validity of Statute—Waiver of Objection— Prescription.*

1. In proceedings under Sec. 8, Chap. 121, R. S., it is not necessary to seek the consent of the owner of land through which the proposed ditch is to be cut where he has shown himself by his acts to be opposed to the same.

2. The adjudication of the justice and jury as to the necessity of the drain and the damage done is final.

3. The statute allows proceedings to be instituted and carried on for the purpose of carrying off the water from a highway without reference to whether there is a slough or pond therein.

4. Where the center of a road is coincident with a town line, and one town has charge of the same by allotment, it may maintain proceedings under the statute in the names of both towns, at least until objection is made by the commissioners of the other town, a private party having no right to object.

5. In the case presented the evidence does not show that the proceedings were solely for the benefit of third persons.

6. An objection to the validity of a statute is waived by an appeal to this court.

[Opinion filed May 28, 1888.]

APPEAL from the Circuit Court of Will County.

Messrs. E. MEERS and D. GILMORE, for appellant.

The commissioners of Wheatland had no authority to take any steps toward the digging, cleaning or opening of the ditch on or across the land of Chaplin unless acting in conjunction with the commissioners of the town of Plainfield at a regular called meeting of both boards for such purpose and first determined, on by a majority of each separate board of commissioners, and then by a majority of the members of both boards acting as one body. The Comrs. of Highways of the Town of Deer Park v. The Wrought Iron Bridge Co., 3 Ill. App. 570; Sec. 26, Road and Bridge Act; Clause 4, Sec. 40, Township Organization Act; McManus v. McDonald, 107 Ill. 95; Mack v. Tracy et al., 41 Ill. 377.

Highway commissioners can not grant the right to private parties to ditch on highways, nor bind the public to furnish drainage for the land of private individuals. Johnson v. Rea, 12 Ill. App. 331.

The water must be discharged into a natural watercourse or channel. Peck v. Herrington, 109 Ill. 611; Wagner v. Chaney, 19 Ill. App. 546.

There was no pond or slough on the highway at the point where the commissioners proposed to drain, consequently there was no necessity for a ditch being dug by the said commissioners on the land of Chaplin. The People ex rel. v. Board of Supervisors of Vermillion County, 47 Ill. 256.

Messrs. A. F. MATHER and A. O. MARSHALL, for appellee.

LACEY, J. This was a bill in equity for injunction to restrain the appellees from opening a drain on his lands which they were threatening to do. It shows that appellant was the owner of an eighty acre tract of land in the town of Plainfield in Will county, the long way of it being east and west; that there was a public highway on the north line of it; that one Davis owned the eighty-acre tract lying north of his and adjoining

it on its north line, and that one Schaffer owned an eighty-acre tract adjoining and immediately north of Davis' tract; that the two latter tracts were in the town of Wheatland in said county; that the road, which is four rods wide, was one-half on appellant's and one-half on Davis' tract. The bill alleges that Schaffer and Davis had extended a tile drain through their land to the highway about forty-four rods west of his northeast corner, and had extended it through the highway to his line; that they had opened a ditch through his land to let their water flow off from the tile drain they had laid, which discharged water in great quantities and overflowed his land, and that he had filled up such drain with brush, etc., making a so-called dam under and near his fence adjoining the highway which had not been since disturbed. Avers that Schaffer and Davis had no right to drain their water across his land, but should, if they drain the same to said highway, continue the drain east along the north side of the highway to an outlet; that he was willing to have the extra water taken across his land if the same was done according to the provisions of the "Drainage Act" of this State, and pay his portion of the expense of constructing a tile drain, and that he had so notified Davis and Schaffer. The bill further charges that on the 20th of June, 1885, the highway commissioners of Wheatland commenced proceedings before A. B. Cotton, as justice of the peace of said township, for the alleged purpose of having the damages assessed, which he might sustain by reason of digging, opening and cleaning a ditch or drain by the commissioners of highways of the town of Wheatland on or across the north half of the northeast quarter of said Sec. 4 (being the land of appellant), to commence at a point upon the east and west highway—upon the town line between the towns of Wheatland and Plainfield at or about forty-four rods and fifteen links west from the north corner of said Sec. 4, running thence south of southeast nine rods and fifteen links; thence gradually to the south of the southwest nineteen rods, and for greater certainty described as follows: "And be upon the same ground occupied by the ditch or drain now upon said land—said ditch or drain to be twenty-eight and two-fifths

rods in length, three feet wide and eighteen inches deep from surface of land. The suit was brought in the name of the highway commissioners of the two towns for the use of the town of Wheatland. (It appears that the portion of the highway had been allotted under the statute to the latter named town and it had complete control over it.) It was further shown that the cause was tried before the justice and a jury of twelve men, and resulted, after having been defended by appellant, in the jury granting the right to dig the ditch and awarding to appellant $12 damages. Quite a number of objections are taken by appellant to the proceedings to condemn the said right of way, to wit: (1) No attempt was made by the towns to obtain the consent of appellant to the opening of the drain, and no such attempt was shown at the trial. (2) There was no necessity for the drain, because there was no pond or slough on the highway at the point where the drain stands. (3) That said proceedings were commenced and judgment obtained through fraud and misrepresentation of the commissioners. (4) The commissioners of Wheatland did not obtain the consent of the commissioners of Plainfield to commence proceedings. (5) There was no pond of water in the limits of the town of Wheatland at the point to be drained. (6) The town of Wheatland had no power under the statute to enter the lands in the adjoining town of Plainfield. (7) No ditch by prescription or grant prior to spring of 1884. (8) The proceedings before the justice and the proposed drain are solely for the benefit of Davis and Schaffer and not for public benefit. (9) The place of commencement is not accurately described in the summons, neither is the termination, and the said terminal point is nine feet and two inches east of the alleged ditch or drain now open upon said land as stated in the summons. (10) The ditch if dug would be of great injury to appellant's land, for which the jury did not award damages. (11) The statute under which the proceedings are instituted is unconstitutional. The bill avers that all the above points before the justice of the peace were ignored and disregarded by the justice and jury although most strenuously contended for by the counsel for appellant; that the appellant

took an appeal to the Circuit Court which was dismissed on motion of plaintiff's attorney or petitioner. The bill was answered, and upon trial on bill, answer, replication and proofs, the court found the equities in favor of appellees, and dissolved the injunction and dismissed the bill at complainant's costs, from which decree this appeal is taken, and this court asked to reverse the same. The condemnation proceedings were had under Sec. 8, Chap. 121, R. S., or the act entitled, " Roads, Highways and Bridges," act of 1883, page 136, Sec. 8, Session Laws. The section reads as follows: " The commissioners of highways of the several towns are hereby authorized to enter upon any land adjacent to any highway in their town for the purpose of opening any ditch, drain, necessary sluice or watercourse, whenever it shall be necessary to open a watercourse from any highway to any watercourses, and to dig open and clean ditches upon said land for the purpose of carrying off the water from said highways or to drain any sloughs or pond on said highway: *Provided,* that unless the owner of such land, or his agent, shall first consent to the cutting of such ditches, the commissioners shall apply to any justice of the peace in the county in which such road is situated, for a summons directed to any constable of said county, etc., * * * for the purpose of having the damages assessed which such owner may sustain by reason of the digging or opening such ditches or drains. * * * On the return of such summons, *venire* shall be issued for a jury of twelve persons who shall be summoned and whose competency shall be determined as in other cases in the trial of civil actions before justices of the peace; which jury shall assess such damages and render a verdict therefor which shall be final and conclusive of the amount of damages sustained by such persons, and the amount so awarded shall be paid before the commissioners of highways shall be warranted and empowered to enter such lands and dig, open and clean such drains, ditches, and watercourses, as aforesaid, for the purpose contemplated in this act; and the commissioners of highways are further authorized to use and employ the road and bridge money of their town for such purpose, etc.

From the proceedings carried to a final conclusion before a justice, there is no appeal. The decision of the justice and jury is final, provided that the justice obtains jurisdiction of the person of the owner of the land, and the subject-matter of the right of way to be condemned. The legislature taking into account the great necessity there was to the public to have the highways of the State made dry and passable, determined by the passage of this statute to make the proceedings to obtain an outlet to drain water from roads summary, and the decision before the justice final. The proceeding in this instance is drawn into question collaterally—hence every intendment must be in favor of the validity of the condemnation of the right of way for the ditch. The burden of proof is on the appellant to show that the justice had no jurisdiction. The appellant has failed to make out any valid objection to the validity of the condemnation proceedings before the justice raised in his 1st, 2d and 3d points. The evidence clearly shows that the appellant would not give his consent to have the drain opened when applied to by one of the commissioners, and besides that he has resisted the opening of the drain at every step of the proceeding, and is still resisting on every ground he can raise. It appears any formal request on the part of the commissioners as an official body, to appellant, to allow the opening of the drain, would have been useless. We think there was necessity for the drain after the appellant had filled up the old ditch, and that whether the tile named had been put in by Schaffer and Davis or not. Besides, we think the adjudication of the justice and jury on that point was final. We see no evidence sufficient to show that the proceedings were instituted and carried on fraudulently, though that point is not insisted on in appellant's brief. Equally groundless are the points raised by appellant in Nos. 4, 5 and 6. As to No. 5, the statute allows the proceedings to be instituted and carried on for the purpose of carrying off the water from the highway, whether there is a slough or pond in the highway or not.

The suit was commenced and carried on in the name of the commissioners of highways of the towns of Wheatland and

Plainfield, and the consent of Plainfield under the circumstances will be presumed. This particular road being on the town line, was under the jurisdiction of the commissioners of Wheatland by allotment, and presumably the commissioners of Plainfield gave their consent to the use of its name to the other commissioners, to carry on such proceedings in its name necessary to properly improve the road, which the commissioners of highways of Wheatland had undertaken to do by request of the commissioners of the other town and by agreement, and as the point is only technical at best, the appellant can not object if the commissioners of highways of Plainfield do not. Again, under a proper and fair construction of the statute, we are of the opinion that the Wheatland commissioners might carry on the proceedings in their own name. The highway was on the town line, and the commissioners of highways of Wheatland had control of this road by allotment under the statute, and we think it no more than a fair construction of the statute to regard the highway as being "in their town," for the purpose of the condemnation proceedings. It was a portion of the road over which the commissioners of Wheatland had jurisdiction; and if the center of the road was coincident with the town line, which we suppose it was, at least half of the highway was actually and physically in Wheatland town.

Points 7, 8 and 9 are not well taken. It is not necessary, as contended in point 7, that there should be any ditch by prescription if the condemnation proceedings were regular, which, as hereafter will be seen, they were. As to 8, we can not hold that the appellant has shown that the condemnation proceedings were solely for the benefit of Davis and Schaffer. We think that the evidence shows that the highway needed some kind of a ditch at the point where the condemnation was made, though probably the ditch that had existed for some time on appellant's land, at or near the route of the one condemned, would have been sufficient but for its having been closed up by the latter. And the ditch not being permanently established by prescription gave appellant the right to fill it up and compelled the appellees to open it by legal proceed-

ings. The opening of the ditch was for the public benefit. The place of commencement and termination are set out with sufficient accuracy in the summons issued by the justice. The point of commencement is to all intents accurate, but it is claimed that the termination is lacking nine feet and two inches of meeting an outlet called the "old washout"—hence the argument is, the proposed drain does not connect with "a natural watercourse" as the statute requires. If the contemplated drain connected with the "washout," then it is conceded the proceedings would comply with the statute in that respect. We think that the evidence shows that the proposed drain sufficiently connects with the old "washout," so called, or with a drain only a few feet from it, which would render the drain sufficient in its connections. The surveyor who ran the line for the new ditch, shows by his profile that it connects, and such was the intention, and we think the appellant has failed to show that it does not connect.

In the 10th and 11th objections the appellant claims that the digging of the proposed drain would greatly damage the appellant's land, for which the jury did not award damages, and that the act of the legislature allowing the condemnation of such right of way for such drains is unconstitutional, and the statute void.

In answer to the first of the last named objections we need only say that the statute makes the verdict of the jury as to such damages "final and conclusive of the amount of damages sustained by such person," etc. The jury in this case gave the appellant $12 damages which the commissioners were ready to pay.

As to the constitutional point we only have to say that the appellant, by bringing his case to this court, waived that point. We have no power under the statute to pass upon it. If the appellant had desired to have that point passed upon he should have taken his appeal to the Supreme Court. Not having done so and not having made any motion here to dismiss his appeal for want of jurisdiction in this court, we must regard that point as waived by him. The statute provides that "appeals and writs of error shall lie from the final orders,

judgments and decrees of the Circuit and City Courts, and from the Superior Court of Cook County directly to the Supreme Court in all criminal cases and in cases involving a franchise or freehold, or the validity of a statute " and by the terms of the same section withholds the right of appeal to the Appellate Court in cases involving the " validity of a statute." See " Appellate Courts," Session Laws, 1887, Sec. 8, page 156. The validity of Sec. 8 of the above road and bridge law is what appellant questions in his argument here on account of unconstitutionality. As above said we regard the point as waived by the appeal in this court.

The decree of the court below is therefore affirmed.

*Decree affirmed.*